**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

MARK JACOBS as Personal
Representative for the ESTATE
OF JACKSON CHARLES
JACOBS, deceased,

Plaintiff,

v.

Case No.
District Judge

SERGEANT HUNTER PENNEY,
individually, OFFICER AARON
KWIATKOWSKI, individually,
and CITY OF ALPENA,

Defendants.

______________________________________/

**ROBERT J. LANTZY (P57013)**
**SARAH L. GORSKI (P82899)**
BUCKFIRE LAW FIRM
Attorneys for Plaintiff
28411 Northwestern Highway, Ste. 300
Southfield, Michigan 48034
Direct (248) 234-9840
Fax (248) 415-1528
robert@buckfirelaw.com
sarah@buckfirelaw.com
Asst: valerie@buckfirelaw.com

______________________________________/

**<u>COMPLAINT AND JURY DEMAND</u>**

NOW COMES the Plaintiff MARK JACOBS, as Personal Representative for the ESTATE OF JACKSON CHARLES JACOBS, deceased, by and through his attorneys, BUCKFIRE LAW FIRM, and for his Complaint against the Defendants,

SERGEANT HUNTER PENNEY, OFFICER AARON KWIATKOWSKI, and the CITY OF ALPENA, states as follows:

1. That the Plaintiff, MARK JACOBS, individually, and as the duly appointed and qualified Personal Representative of the ESTATE OF JACKSON CHARLES JACOBS, deceased, is a resident of the City of Alpena, County of Alpena, State of Michigan.

2. That the Defendant, the CITY OF ALPENA, is a political subdivision of the State of Michigan and has a legal duty to enact and enforce policies, procedures, protocols, and customs that conform with the Constitution and laws of the State of Michigan.

3. That Defendant, Sergeant HUNTER PENNEY, is employed by the Defendant, CITY OF ALPENA, as a law enforcement officer and was acting under the color of the state law and within the course and scope of his employment with the Defendant, CITY OF ALPENA.

4. That Defendant, AARON KWIATKOWSKI, is employed by the Defendant, CITY OF ALPENA, as a law enforcement officer and was acting under the color of the state law and within the course and scope of his employment with the Defendant, CITY OF ALPENA.

5. This is a civil rights action in which the Plaintiff seeks relief for the violation of rights secured by 42 U.S.C. §1983, the Fourth Amendment to the United

States Constitution, the Fourteenth Amendment to the United States Constitution, and Michigan state law.

6. This Court has jurisdiction pursuant to 28 U.S.C.§1331 and 28 U.S.C. § 1343.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the claims involve the same case or controversy as the federal claims.

8. The events that give rise to this lawsuit took place in Alpena, Michigan, in the Alpena District of the State of Michigan.

9. Venue is appropriate in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b) as the City of Alpena is in the Eastern District of Michigan and the individual Defendant is an employee of the Alpena Police Department; further, the events that give rise to the lawsuit took place in Alpena, Michigan.

## INTRODUCTION / FACTUAL ALLEGATIONS

10. This action is brought pursuant to 42 U.S.C. § 1983 and Michigan state law seeking damages for violations of the clearly established constitutional rights of the Plaintiff's decedent. As Plaintiff alleges more fully below, Defendants violated Plaintiff's decedent's due process rights and failed to train, supervise, oversee and/or discipline its police officers.

11. On December 21, 2025, the Defendant, City of Alpena's, law enforcement officers and Michigan State Troopers had officers pull over a 2007 Cadillac Escalade on Grant Road in Alpena, Michigan regarding a report of a stolen vehicle matching its description.

12. Officers from both the Michigan State Police and the City of Alpena Police Department then activated their emergency lights, initiating the 2007 Cadillac Escalade to be pulled over.

13. Once the 2007 Cadillac Escalade had been stopped, and the Defendant, City of Alpena's, law enforcement officers and the Michigan State Troopers had exited their vehicles, the Plaintiff's decedent exited the 2007 Cadillac Escalade through the passenger door.

14. The Michigan State Troopers questioned Plaintiff's decedent, while the Defendant, City of Alpena's, law enforcement officers questioned the other occupant (the driver) of the allegedly stolen vehicle.

15. The two Michigan State Troopers then attempted to arrest or detain the Plaintiff's decedent.

16. Defendant, City of Alpena's, law enforcement officers, overhearing the confrontation, went to assist in detaining Plaintiff's decedent. Defendant, Hunter Penney, a Sergeant employed by the Defendant, City of Alpena's, police department

was in the middle of questioning and detaining the other suspect and left that suspect to assist the Michigan State Troopers in detaining the Plaintiff's decedent.

17. When Defendant, Sergeant Hunter Penney, made his way to assist, Plaintiff's decedent was being flipped onto the ground and had one handcuff on his right hand.

18. Michigan State Police Troopers stated that the Plaintiff's decedent was attempting to bite them while being detained and they flipped him onto his stomach.

19. While attempting to subdue the Plaintiff's decedent, one of the Michigan State Troopers kicked Plaintiff's decedent several times. One of the officers stated that the Plaintiff's decedent had a knife in his hand.

20. While attempting to assist the Michigan State Troopers, Defendant Sergeant Hunter Penney stated that the Plaintiff had a knife, and that the Plaintiff had stabbed him.

21. Officer Aaron Kwiatkowski told the troopers to disengage and stand back and he proceeded to tase the Plaintiff twice.

22. After being tased, Plaintiff immediately attempted to stand.

23. Defendant Sergeant Hunter Penney asked "where is the knife" twice, and before hearing a reply from his fellow officers or the Plaintiff, proceeded to shoot the Plaintiff 4 times.

24. Officers then started commanding Plaintiff to drop the knife after he had been shot 4 times and was falling to the ground.

25. After Plaintiff was shot, Defendant Sergeant Hunter Penney mentioned he needed an ambulance three times before medical aid was called for the Plaintiff.

26. After over a minute Defendant Sergeant Hunter Penney called for aid for Plaintiff. Plaintiff was pronounced dead at the scene.

**COUNT I – VIOLATIONS OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION**

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 above.

28. At all relevant times, Defendants were acting under color of the statutes, ordinances, customs, policies and authority of the State of Michigan and the City of Alpena.

29. Plaintiff's decedent had the right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures and the use of excessive and objectively unreasonable force by law enforcement officers.

30. The constitutional rights secured by the Fourth Amendment were clearly established on December 21, 2025, such that a reasonable law enforcement officer would have known that the use of deadly force was unlawful unless the officer had probable cause to believe the suspect posed an immediate threat of death or serious physical injury to the officer or others.

31. At the time Defendant Sergeant Hunter Penney discharged his firearm, Plaintiff's decedent had already been subjected to physical force by multiple officers, had been tased twice and was being confronted by numerous law enforcement officers.

32. Upon information and belief, Defendant Sergeant Hunter Penney discharged his firearm before confirming whether Plaintiff's decedent possessed a knife, before receiving a response to his inquiries regarding the location of the alleged knife and without first determining whether Plaintiff's decedent posed an immediate threat of death or serious bodily harm.

33. Defendant Sergeant Hunter Penney intentionally fired four rounds into Plaintiff's decedent, constituting the use of deadly force.

34. The force used against Plaintiff's decedent was excessive, objectively unreasonable and disproportionate to the circumstances confronting Defendants.

35. A reasonable officer in the same circumstances would have recognized that less intrusive means of control were available and that the use of deadly force was unnecessary under the circumstances.

36. As a direct and proximate result of Defendant Sergeant Hunter Penney's unconstitutional use of deadly force, Plaintiff's decedent sustained catastrophic injuries resulting in his death.

37. To the extent other officers observed the unconstitutional use of force and had a realistic opportunity to prevent or intervene to stop the use of excessive force, but failed to do so, those Defendants violated Plaintiff's decedent's clearly established constitutional rights.

38. Following the shooting, Defendants failed to timely render or summon emergency medical assistance for Plaintiff's decedent despite knowing he had sustained multiple gunshot wounds, thereby exhibiting deliberate indifference to his serious medical needs and further violating his constitutional rights.

39. The actions of Defendants were intentional, willful, wanton, malicious, reckless and demonstrated a conscious disregard for Plaintiff's decedent's clearly established constitutional rights.

40. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiff's decedent experienced conscious pain and suffering prior to his death and Plaintiff, as Personal Representative of the Estate, has sustained damages recoverable under 42 U.S.C. § 1983 and Michigan law, including damages for the decedent's injuries, pain and suffering, loss of life, funeral and burial expenses and all other damages permitted by law.

41. Defendants' conduct was undertaken with reckless or callous indifference to Plaintiff's decedent's federally protected rights, entitling Plaintiff to

recover punitive damages against the individual Defendants to the extent permitted by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants, awarding compensatory damages, punitive damages against the individual Defendants, costs, attorney fees pursuant to 42 U.S.C. 1988, pre- and post- judgment interest and such other relief as this Court deems just and equitable.

## COUNT II FAILURE TO INTERVENE – VOILATIONS OF THE FOURTEENTH AMENDMENT AGAINST DEFENDANT OFFICERS

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 above.

43. At all relevant times, Defendants were acting under color of state law and within the course and scope of their employment.

44. Plaintiff's decedent possessed clearly established rights under the Fourth Amendment to be free from the use of excessive and unreasonable force by law enforcement officers.

45. Prior to Defendant Sergeant Hunter Penney discharging his firearm, the Defendant officers were present at the scene, actively participating in the detention and arrest of Plaintiff's decedent, and were aware of the circumstances surrounding the encounter.

46. Upon information and belief, one or more Defendant officers observed Defendant Sergeant Hunter Penney prepare to use deadly force against Plaintiff's decedent.

47. Defendant officers knew, or reasonably should have known, that the use of deadly force under the circumstances presented an unreasonable and excessive risk of serious bodily injury or death to Plaintiff's decedent.

48. Defendant officers had a realistic and reasonable opportunity to prevent or otherwise intervene to stop the unconstitutional use of excessive force against Plaintiff's decedent.

49. Despite having the opportunity to intervene, Defendant officers failed and refused to take reasonable steps to prevent Defendant Sergeant Hunter Penney from using excessive and deadly force against Plaintiff's decedent.

50. Defendant officers further failed to intervene to prevent the continued use of excessive force during Plaintiff's decedent's detention and arrest.

51. The failure of the Defendant officers to intervene constituted deliberate, reckless and objectively unreasonable conduct in violation of Plaintiff's decedent's clearly established constitutional rights.

52. As a direct and proximate result of Defendants' failure to intervene, Plaintiff's decedent sustained severe bodily injuries, conscious pain and suffering and ultimately died.

53. The acts and omissions of the Defendant officers were willful, wanton, malicious, reckless and undertaken with callous indifference to Plaintiff's decedent's federally protected rights.

54. Plaintiff, as Personal Representative of the Estate of Jackson Charles Jacobs, deceased is entitled to recover all damages permitted under 42 U.S.C. §§ 1983 and 1988, together with all other relief authorized by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants, awarding compensatory damages, punitive damages against the individual Defendants, costs, attorney fees pursuant to 42 U.S.C. 1988, pre- and post- judgment interest and such other relief as this Court deems just and equitable.

## COUNT III STATE LAW CLAIM – GROSS NEGLIGENCE AND WILLFUL AND WANTON MISCONDUCT AGAINST DEFENDANTS SERGEANT HUNTER PENNEY, OFFICER AARON KWIATKOWSKI

55. Plaintiff realleges and incorporates by reference paragraphs 1 through 54 above.

56. At all relevant times, Defendants owed Plaintiff's decedent a duty to exercise reasonable care in the performance of their law enforcement duties and to refrain from conduct that created an unreasonable risk of serious bodily injury or death.

57. Defendants breached their duties by, among other things:

a. using excessive and unreasonable force;

b. unnecessarily escalating the encounter;

c. failing to employ reasonable de-escalation techniques;

d. failing to intervene to prevent the use of excessive force by fellow officers;

e. failing to properly assess whether Plaintiff's decedent posed an immediate threat before the use of deadly force;

f. failing to timely render or summon emergency medical assistance after Plaintiff's decedent sustained multiple gunshot wounds; and

g. otherwise acting with reckless disregard for the safety and constitutional rights of Plaintiff's decedent.

58. Defendants' conduct demonstrated a substantial lack of concern for whether injury or death would result and constituted gross negligence within the meaning of MCL 691.1407.

59. Defendants' conduct was further willful, wanton, reckless and undertaken with conscious disregard for the safety and well-being of Plaintiff's decedent.

60. Defendants knew or should have known that their actions created an unreasonable and foreseeable risk of serious bodily injury or death.

61. The grossly negligent and willful and wanton conduct of Defendants was a direct and proximate cause of the catastrophic injuries sustained by Plaintiff's decedent and ultimately caused his death.

62. As a direct and proximate result of Defendants' conduct, Plaintiff's decedent experienced conscious pain and suffering prior to his death and Plaintiff, as Personal Representative of the Estate, has sustained damages recoverable under Michigan law, including those permitted by Michigan's Wrongful Death Act.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants for all compensatory damages recoverable under Michigan law, together with costs, statutory interest and such other and further relief as this Court deems just and proper.

## COUNT IV STATE LAWS CLAIMS –ASSAULT AND BATTERY AGAINST DEFENDANTS SERGEANT HUNTER PENNEY AND OFFICER AARON KWIATKOWSKI

63. Plaintiff realleges and incorporates by reference paragraphs 1 through 62 above.

64. At all relevant times, Defendants intentionally made harmful and offensive physical contact with Plaintiff's decedent without lawful justification or privilege.

65. Defendants intentionally used physical force against Plaintiff's decedent, including, but not limited to, striking, kicking, deploying a conducted energy weapon (taser) and discharging a firearm, thereby causing harmful and offensive bodily contact.

66. The force used by Defendants was excessive, unreasonable, unnecessary and disproportionate to the circumstances then existing.

67. At the time Defendants intentionally applied force to Plaintiff's decedent, such force was not objectively reasonable, was not justified under the circumstances and exceeded the force reasonably necessary to accomplish any lawful law enforcement objective.

68. As a direct and proximate result of Defendants' intentional acts, Plaintiff's decedent sustained severe bodily injuries, conscious pain and suffering, emotional distress and ultimately death.

69. Defendants' actions were intentional, willful, wanton, malicious, reckless and demonstrated a conscious disregard for the rights and safety of Plaintiff's decedent.

70. As a direct and proximate result of Defendants' assault and battery, Plaintiff, as Personal Representative of the Estate of Jackson Charles Jacobs, deceased, has sustained damages recoverable under Michigan law, including those recoverable pursuant to the Michigan Wrongful Death Act, MCL 600.2922.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants for compensatory damages, costs, statutory interest and all other relief this court deems just and proper.

Respectfully submitted,

By: */s/ Robert J. Lantzy*
**ROBERT J. LANTZY (P57013)**
**SARAH L. GORSKI (P82899)**
BUCKFIRE LAW FIRM
Attorneys for Plaintiff
28411 Northwestern Highway
Suite 300
Southfield, Michigan 48034
Direct (248) 234-9840
Fax (248) 415-1528
robert@buckfirelaw.com
sarah@buckfirelaw.com
Asst: valerie@buckfirelaw.com

DATED: August 14, 2026

## JURY DEMAND

NOW COMES Plaintiff, MARK JACOBS, as Personal Representative of the ESTATE OF JACKSON CHARLES JACOBS, deceased, by and through his attorneys, BUCKFIRE LAW FIRM, and hereby demands a trial by jury.

Respectfully submitted,

By: */s/ Robert J. Lantzy*
**ROBERT J. LANTZY (P57013)**
**SARAH L. GORSKI (P82899)**

BUCKFIRE LAW FIRM
Attorneys for Plaintiff
28411 Northwestern Highway
Suite 300
Southfield, Michigan 48034
Direct (248) 234-9840
Fax (248) 415-1528
robert@buckfirelaw.com
sarah@buckfirelaw.com
Asst: valerie@buckfirelaw.com

DATED: August 14, 2026